IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Robert D. Brown  231393
Plaintiff          Inmate Number
P.O. Box 9561 Wilmington, DE 19809
Complete Address with zipcode

vs.                    07 - 23 -
                       Case Number

(1) Wilmington Police Officer Rinehart
(2) Wilmington Police Officer Drysdale
    Names of Defendants


FILED
JAN 11 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned
IFP

I. Previous Lawsuits

A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned: None

II. Exhaustion of Administrative Remedies

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your institution? No

D. If your answer to "B" is No, explain why not: My complaint is against the Wilmington Police - filed official complaint 12-27-06

III. Defendants

(1) Name of first defendant: Rinehart
Employed as Police Officer at Wilmington Police Department
Mailing address with zip code: Public Services Building 4th Walnut Street, Wilmington, DE 19801

(2) Name of second defendant: Drysdale
Employed as Police Officer at Wilmington Police Department
Mailing address with zip code: Public Services Building 4th Walnut Street, Wilmington, DE 19801

IV. Statement of Claim

On April 16, 2006 at approximately 5:30 AM I approached "Plaintiff hereinafter" Plaintiff approached defendants, Rinehart and Drysdale and respectfully asked "Why are you following me"? Being at plaintiff's residence at 1627 West 3rd Street, Wilmington, DE I felt I was being unduly harrassed and wanted to know what was going on and questioned as to whether an attorney to have these officers removed

from my house "Parked in front" where their existence could send the wrong message and endanger the welfare of my family.

Defendants made it clear to me by stating they will do whatever they want and also I'd better shut up before I am arrested.

I, plaintiff then stated, I am on my own property and I can say and question what I want on my own land.

Defendants then exited the squad car, came on my porch, and did not arrest or attempt to arrest me but instantly they grabbed me, dragged me off my porch, slammed me on the concrete and pepper sprayed plaintiff, I suffered a head injury and constrictions upon my breathing were at the hospital I was not treated for my head injury due to the defendants open relationship with the Doctor. Yet at the prison my medical records entail the head injury and as a result of said, plaintiff suffers migraine headaches and faintness due to the altercation and plaintiff now seeks redress in said aforementioned causes of action(s):

First Cause of Action:

Plaintiffs first cause of action relies on the 14th Constitutional Amendment - No person shall be deprived

of life - liberty - or property - without the due process of law -

U.S.C.A. Const. Amend. 14

Plaintiff questioned officers in the protection of his family due to the neighbors may have percieved officers presence wrongfully and plaintiff has a protected interest in the safety of his family and maybe he could've assisted the officers in some matter involving said.

Second Cause of Action:

8th Constitutional Amendment - In view of the 14th Amendment being deprived of 14th Amendments elements and the causation being unnecessary use of violence, the 8th Amendment subjection to cruel and unusual punishment is instituted where:

1. In view of Application,
   A.) force was used by defendants and
2. Questions of subjection lay at:
   A.) Was the force in good faith - lawful
   B.) Was the force applied outside necessary - lawful scope in view of subjection rule
   - See memorandum of law "Brief Submits" -

V. Relief -

Plaintiff has claimed actions by the Wilmington Police

Department, where in violation of his rights as are protected under the Constitutional Amendments And in relief it is now cited in Monetary of requested Punitive, And Declatory relief in the sum of:

1. 14th Amendment due process violation:
   20 Thousand U.S. Currency
2. 8th Amendment Subjection Clause:
   20 Thousand U.S. Currency
3. Punitive - Declatory damages as deemed by the court -

In settlement - 40 Thousand U.S. Currency Appropriate damages by the court.

It is declared under the penalty of perjury that the claim is true and correct -

Date: 1-8-07

_[signature]_
Pro-se Plaintiff



Clerk of Court
U.S. District Court
Lockbox 18
844 North King Street
Wilmington, DE 19801