IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-23 (SLR) |
| | ) | JURY OF 12 DEMANDED |
| WILMINGTON POLICE OFFICER RINEHART, | ) | |
| WILMINGTON POLICE OFFICER DRYSDALE, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

I. **Previous Lawsuits**

   A.   This paragraph does not require a response from Defendants. To the extent that a response is required, Defendants lack sufficient information to admit or deny Plaintiff's averment.

II. **Exhaustion of Administrative Remedies**

   A.   This paragraph does not require a response from Defendants. To the extent that a response is required, Defendants lack sufficient information to admit or deny Plaintiff's averment.

III. **Defendants**

   1.   Admitted, except that the employment address for Defendant Rinehart is Wilmington Police Department, William T. McLaughlin Public Safety Building, 300 Walnut Street, Wilmington, DE 19801.

   2.   Admitted, except that the employment address for Defendant Drysdale is Wilmington Police Department, William T. McLaughlin Public Safety Building, 300 Walnut

Street, Wilmington, DE 19801.

IV.     **Statement of Claim**

Admitted that the encounter between Plaintiff and Defendant Rinehart occurred on April 16, 2006 at approximately 5:30 a.m. The remaining averments contained in this paragraph are denied as stated. As further explanation, it is admitted that Defendant Rinehart and his partner were driving their marked police vehicle in the 1600 block of West 3rd Street while on routine patrol. It is denied that Defendant Drysdale was ever present. It is denied that Defendant Rinehart or his partner were "following" or "harassing" Plaintiff. It is denied that Plaintiff approached Defendant Rinehart or his partner. It is denied that Plaintiff "respectfully" asked the officers any questions. It is denied that Defendant Rinehart or his partner told Plaintiff that they "will do whatever they want" and told Plaintiff to "shut-up" before he is arrested. Rather, in response to Plaintiff yelling profanity at the officers, Defendant Rinehart and his partner told Plaintiff several times to "relax," "calm down" and go into the house. It is admitted that due to the Plaintiff's verbally abusive and disorderly conduct, Defendant Rinehart and his partner exited their vehicle and approached Plaintiff who was standing on the porch of 1627 West 3rd Street continuing to yell profanity and creating a public disturbance in order to arrest Plaintiff. At that time, Plaintiff attempted to flee into the house and physically resisted being placed under arrest. It is admitted that at one point Defendant Rinehart's partner was forced to use his departmentally issued capstun to try and gain control of Plaintiff's hands in order to place him under arrest. It is denied that any of the force utilized by Defendant Rinehart or his partner to arrest Plaintiff was excessive or unreasonable. It is admitted that Defendant Rinehart and his partner transported Plaintiff to the hospital to receive treatment for chemical conjunctivitis and a small abrasion to his scalp. It is denied that Plaintiff did not receive treatment for chemical conjunctivitis and a small abrasion to his scalp. It is denied that Plaintiff suffered a head injury

resulting in migraine headaches and faintness as a result of his arrest on this date.

### First Cause of Action

This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, this paragraph is denied.

### Second Cause of Action

This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, this paragraph is denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Drysdale was not present when Plaintiff alleges the above occurred, therefore, Plaintiff may not maintain a cause of action against Defendant Drysdale.

### THIRD AFFIRMATIVE DEFENSE

The actions and conduct of the Defendants, to the extent they occurred as alleged, did not rise to the level of a Constitutional violation and, therefore, Plaintiff did not suffer any infringement of his constitutional rights.

### FOURTH AFFIRMATIVE DEFENSE

The actions and conduct of the Defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances which the Defendants were aware, therefore, they enjoy qualified immunity from all liability.

### FIFTH AFFIRMATIVE DEFENSE

The actions and conduct of the Defendants did not violate any clearly established

Constitutional or Federal statutory rights of which the Defendants reasonably should have been aware, and they are, therefore, entitled to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

The actions and conduct of the Defendants, to the extent they occurred as alleged, were undertaken in good faith performance of their official duties, without wantonness or malice, and were, therefore, privileged and immune.  10 Del. C. §4010 et seq.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are limited to 10 Del. C. §4013 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has injuries, Defendants were not the proximate cause of any such injuries.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were proximately caused by his own wrongful, wanton, wilful, reckless, and/or negligent acts.

### TENTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against Defendants for the claims alleged by Plaintiff.

WHEREFORE, Defendants demand that Plaintiff's Complaint be dismissed with prejudice, and all costs and attorney's fees be awarded to Defendants.

    /s/ Rosamaria Tassone
Rosamaria Tassone (I.D. #3546)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 French Street, 9th Floor
Wilmington, Delaware 19801-3537
(302) 576-2175

DATED:    July 11, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     C.A. No. 07-23 (SLR) |
| | )     JURY OF 12 DEMANDED |
| WILMINGTON POLICE OFFICER RINEHART, | ) |
| WILMINGTON POLICE OFFICER DRYSDALE, | ) |
| | ) |
| Defendants. | ) |

CERTIFICATE OF SERVICE

I, Rosamaria Tassone, Esquire, hereby certify that on this 11th day of July, 2007, I electronically filed Defendants' Answer to Complaint with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and that these documents are available for viewing and downloading from CM/ECF. A copy of the document was mailed to the following individual:

> Robert D. Brown
> Inmate Number 231393
> Howard R. Young Correctional Institution
> P.O. Box 9561
> Wilmington, DE 19809

>    /s/ Rosamaria Tassone
> Rosamaria Tassone (I.D. #3546)
> City of Wilmington Law Department
> Louis L. Redding City/County Building
> 800 French Street, 9th Floor
> Wilmington, Delaware 19801-3537
> (302) 576-2175