# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Robert D. Brown

Plaintiff

V.

Wilmington Police Officer Rinehart and Wilmington Police Officer Drysdale

Defendants

Civ. No. 07-023-SLR



FILED
OCT 30 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Opening Brief Motion

Plaintiff comes now and supports his claim and demand of relief with cited referenced law to support the allegations of violation(s) of his due process and subjection rights in the use of force in sadistic and bad faith efforts by the Wilmington Police Department and named officers with the respondent superior clause to hold

T

Ranking officers liable for those under command and trainning and:

In view plaintiff looks at the good faith effort that embraces both the U.S.C.A. Const. Amend. 14 and the U.S.C.A. Const. Amend. 8 and applies the following:

i) Was the force applied to enact, enforce the law, or was it applied for the purpose of causing harm.

A.) <u>Criminal Law Key 1213.10 (2)</u>
<u>Prisons key 13 (4)</u>
Guards action in striking inmate while he was backed against hallway wall and surrounded by at least three correctional officers was not a good faith effort to restore control but, rather, maliciously sought to harm inmate and was a violation of his 8th Amendment Rights. U.S.C.A. Const. Amend. 8.

B.) <u>Criminal Law Key 1213.10 (1)</u>
Extent of injury suffered is one of factors to be considered in determining whether use of force was wanton and unnecessary in violation of 8th Amendment's prohibition against cruel and unusual

II

punishment; however, absence of serious injury does not end Eighth Amendment inquiry. U.S.C.A. Const. Amend. 8.

C.) Civil Rights key 135
Criminal Law key 1213.10(1)
  Extent of persons injuries provided no basis for dismissal of Eighth Amendment claim against prison employees; blows directed at prisoner caused bruises, swelling, loosened teeth and cracked dental plate and were not de minimis for Eighth Amendment purposes. 42 U.S.C.A. § 1983; U.S.C.A. Const. Amend. 8.

  The force was applied to cause harm and in present we review the situation;
1.) Plaintiff was at his residence
2.) Plaintiff posed no immediate threat to officers, he excercised his First Amendment right and inquired as to the nature of police presence "In the interest of the safety of his family"

Hereby plaintiff was,
A.) grabbed off his porch
B.) slammed to the concrete
C.) injured by officers and respondent superior clause

III

D.) Charged with resisting arrest and disorderly conduct as justification for the force used- Yet
E.) The charges were found to have no merit and were dismissed- Thereby creating in the mind of a jury that the force was applied outside good faith efforts and grounds for plaintiff's action as in under 42 U.S.C.A. 1983.

In view of the alleged unlawful conduct by officers we must review the process that was due, plaintiff in the protection of his liberty interests in the safety of his family-

1.) No person shall be deprived of life- liberty- or property, without due process of law-

A.) Plaintiff exercised clearly established liberty in the protection of his family and inquired as to the nature of police presence-
1.) Officers were not in an unmarked car,
2.) They wore city officer uniforms and if plaintiff and/or someone in his household or neighborhood was suspected of a serious crime, plaintiff as a father, and member of the community envelopes a right to inquire as to the presence of officers without fear of being:

IV

A.) Arrested
B.) Charged fraudulently with disorderly conduct and resisting arrest
C.) Assaulted

1.) <u>Civil Rights key 13.4(2)</u>
In determining whether force used to affect particular seizure is "reasonable" under Fourth Amendment, question is whether officers actions are "objectively reasonable" in light of facts and circumstances confronting them, without regard to their underlying intent or motivation.

Note: <u>Factors to be considered when force is excessive</u>

1.) The need for the application of force
2.) The relationship between that need and the amount of force that was used
3.) The extent of the injury inflicted
4.) Whether the force applied was in good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm

<u>Assault and Battery Key 18</u>
Under New Jersey law, where a police

V

officer uses excessive force in effectuating an arrest, that officer may be liable for assault and battery

<u>Civil Rights key 117</u>
Medical need is "SERIOUS", as required for 1983 plaintiffs claim for failure to provide necessary medical treatment if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a layperson would easily recognize the necessity for a doctors attention.
U.S.C.A. Constitutional Amendment 14 Due Process
U.S.C.A. Constitutional Amendment 8 Subjection to Cruel and Unusual Punishment

Be it so that complaint is supported by Constitutional law and hereby Ready for Summary judgement.

VI



Robert D Brown #231393
P.O. Box 9561
Wilmington, DE 19809

Office of the Clerk
United States District Court
844 North King Street, Lock box 18
Wilmington, DE 19801-3570