## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROBERT D. BROWN,                          )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )        C.A. No. 07-23 (SLR)
                                          )        JURY OF 12 DEMANDED
WILMINGTON POLICE OFFICER RINEHART,       )
WILMINGTON POLICE OFFICER DRYSDALE,       )
                                          )
                    Defendants.           )

## DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Rosamaria Tassone (I.D. #3546)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 French Street, 9th Floor
Wilmington, Delaware 19801-3537
(302) 576-2175

## **TABLE OF CONTENTS**

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

SUMMARY OF ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      I.    PLAINTIFF'S ARGUMENTS ARE LEGALLY INSUFFICIENT TO SUPPORT A
          FINDING IN HIS FAVOR AS A MATTER OF LAW WITH REGARD TO HIS
          CLAIM OF EXCESSIVE FORCE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      II.   TO THE EXTENT THAT PLAINTIFF IS ARGUING THAT HE WAS THE
          SUBJECT OF AN IMPROPER ARREST WHICH VIOLATED HIS
          CONSTITUTIONAL RIGHTS, PLAINTIFF'S ARGUMENT IS WITHOUT MERIT
          BECAUSE DEFENDANT RINEHART AND OFFICER HAZZARD HAD
          PROBABLE CAUSE TO ARREST HIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF CITATIONS

Abdullah v. Fetrow, et al., 2007 U.S. Dist. LEXIS 71370 (M.D. Pa., Sept. 26, 2007) . . . . . . . . . 6

Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Arnold Pontiac-GMC, Inc. v. General Motors Corp.,
        786 F.2d 564 (3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Beck v. Ohio, 379 U.S. 89 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Gertein v. Pugh, 420 U.S. 103 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Groman v. Twp. of Manalapan, 47 F.3d 628 (3d Cir. 1195) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Herman v. City of Millville, 2003 U.S. App. LEXIS 3549 (3d Cir. May 5, 2003) . . . . . . . . 5, 7, 8

Hunter v. Bryant, 502 U.S. 224 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Illinois v. Gates, 462 U.S. 213 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Merkle v. Upper Dublin School District, 211 F.3d 782 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . 6, 7

Montgomery v. De Simone, 159 F.3d 120 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Nelson v. Walsh, 60 F. Supp. 2d 308 (D.Del. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Orsatti v. New Jersey State Police, 71 F.3d 480 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 6

Paff v. Kaltenbach, 204 F.3d 425 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Phillips v. Service Employees International Union,
        1989 U.S. Dist. LEXIS 9192 (E.D. Pa., Aug. 2, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 3

Sharrar v. Felsing, 128 F.3d 810 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125(3d Cir. 1995) . . . . . . . . . . . . . . . . 3

Trabal v. Wells Fargo Armored Service Corp., 269 F.3d 243 (3d Cir. 2001) . . . . . . . . . . . . . . 7, 8

Walker v. U.S., 2008 U.S. Dist. LEXIS 15568 (D. N.J., Feb. 29, 2008) . . . . . . . . . . . . . . . . . . 3

**Statutes**

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Rules**

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## **SUMMARY OF ARGUMENTS**

Plaintiff's arguments as to the alleged inconsistencies in the record, even if true, are legally insufficient to support a finding in his favor as a matter of law with regard to his claim of excessive force. As such, the Court must deny Plaintiff's Motion for Summary Judgment.

Further, to the extent that Plaintiff is arguing in his Motion for Summary Judgment that he was the subject of an improper arrest which violated his constitutional rights, Plaintiff's argument is without merit because Defendant Rinehart and Officer Hazzard had probable cause to arrest him. The existence of probable cause at the time of Plaintiff's arrest negates Plaintiff's claim of a constitutional violation.

## ARGUMENT

I.     **PLAINTIFF'S ARGUMENTS AS TO THE ALLEGED INCONSISTENCIES IN THE RECORD, EVEN IF TRUE, ARE LEGALLY INSUFFICIENT TO SUPPORT A FINDING IN HIS FAVOR AS A MATTER OF LAW WITH REGARD TO HIS CLAIM OF EXCESSIVE FORCE.**

On February 27, 2008, Plaintiff filed a Motion for Summary Judgment demanding that the Court grant "summary judgment in the sum of $50,000.00." (D.I. 24). In support of his Motion, Plaintiff states that the Wilmington Police Department Initial Crime Report dated April 16, 2006 ("the Crime Report") and the Wilmington Police Department Defensive Tactics Report generated with regard to this matter ("the Defensive Tactics Report") "are conflicting in ways to corroborate these officers (sic) actions against Plaintiff." (D.I. 24 p. 1). Specifically, Plaintiff states that the Defensive Tactics Report indicates that Plaintiff was "tackled" while the Crime Report indicates that Plaintiff was "grabbed by his coat and hit with the heel of officer Hazzard's hand." (D.I. 24 p.1). Plaintiff also states that the statement of his former girlfriend, Kimberly Grier, as contained in the Defensive Tactics Report is inconsistent with both Reports, although Plaintiff does not specifically state the alleged inconsistencies. (D.I. 24 p. 2). Finally, Plaintiff argues that the Wilmington Hospital Discharge Instructions dated April 16, 2006 does not state that he was treated by any doctor for scalp abrasion and chemical conjunctivitis. (D.I. 24 p. 1-2).

Plaintiff's arguments are legally insufficient to support a finding in his favor as a matter of law with regard to his claim of excessive force. The Court must grant summary judgment if it determines that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* <u>Celotex Corp. v. Catrett</u>, 477 U.S.

317, 323 (1986), *cert denied*, 484 U.S. 1066 (1988), and Arnold Pontiac-GMC, Inc. v. General

Motors Corp., 786 F.2d 564, 568 (3d Cir. 1986). "In considering a motion for summary judgment,

a court does not resolve factual disputes or make credibility determinations, and must view the facts

in the light most favorable to the non-moving party." Nelson v. Walsh, 60 F. Supp. 2d 308, 311

(D.Del. 1999), citing Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1127 (3d Cir.

1995).[1] Plaintiff's Motion completely fails to provide any basis upon which the Court can rule that

Defendants Rinehart and Drysdale (who was not even present when Plaintiff was arrested) used an

unreasonable amount of force to effect his arrest on April 16, 2006. His argument that there are

"inconsistencies" in the statements contained in the Crime Report and the Defensive Tactics Report

is inaccurate and unavailing. In presenting his argument, Plaintiff is requesting that the Court

determine that Defendants are simply not credible and, therefore, must have violated his

constitutional rights. A determination by the Court of a party's credibility is inappropriate when

considering a motion for summary judgment.

    Further, even if it were true that these minor inconsistencies in the record existed, they are

insufficient to overcome Defendants' Motion for Summary Judgment. Phillips v. Service Employees

International Union, 1989 U.S. Dist. LEXIS 9192, *14 (E.D. Pa., Aug. 2, 1989)(holding that

plaintiff's attempt to establish the existence of a genuine issue of material fact by pointing out minor

inconsistencies in statements is unavailing)(citing Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248

(1986); Walker v. U.S., 2008 U.S. Dist. LEXIS 15568, *12 (D. N.J., Feb. 29, 2008)(holding that

summary judgment may not be defeated by pointing out minor or inconsequential errors in the

---

[1] Defendants' Opening Brief in Support of Their Motion for Summary Judgment more fully explains the standard of review under summary judgment. In order to avoid repetition, Defendants incorporate and rely upon the standard set forth in their Opening Brief.

moving party's papers; a non-moving party may not defeat a properly supported motion for summary judgment merely by contesting the veracity of the witnesses).

Notwithstanding Plaintiff's argument to the contrary, the statements cited by Plaintiff are consistent. The Crime Report, the Defensive Tactics Report and the affidavits of Defendant Rinehart and Officer Hazzard all state that Officer Hazzard (who is not a party to this case) "grabbed" Plaintiff by his jacket/shoulder when Plaintiff disobeyed the officers' verbal order to stop and attempted to evade the officers by going into the residence. (A-2, 4, 15, 18).[2] In Kimberly Grier's statement, as written by Defendant Drysdale for his report, the word "tackle" is used to describe how Plaintiff was pulled to the ground when he continued to resist the officers' commands. (A-5). There is no dispute that Plaintiff was pulled to the ground and a struggle ensued when Plaintiff refused to obey Officer Hazzard and Defendant Rinehart's verbal commands. In fact, Kimberly Grier's statement corroborates the following facts: 1) Plaintiff was drunk; 2) Plaintiff was "outside on the front porch yelling;" and 3) the officers gave him verbal commands to get down on the ground, stop resisting and put his hands behind his back. (A-5).

Further, Plaintiff's argument that the Wilmington Discharge Instructions fail to state that he was treated by a doctor for his scalp abrasion and chemical conjunctivitis is inaccurate and irrelevant to the question of whether Defendants used an unreasonable amount of force to restrain him. The document clearly states that the instructions were issued by Dr. Rick Hong, M.D. and that he diagnosed Plaintiff with "conjunctivitis – chemical" and "abrasion – scalp." (D.I. 21). The document further indicates that the eyes were flushed. (D.I. 21). Plaintiff's treatment at the hospital

---

[2] Citations to "A-___" refer to the Appendix to Defendants' Opening Brief in Support of their Motion for Summary Judgment.

is corroborated by the Crime Report.  (A-2).

Given the above, Plaintiff's Motion for Summary Judgment must be denied.  For the reasons more fully addressed in Defendants' Motion for Summary Judgment, the Court should grant judgment as a matter of law in favor of Defendants.

**II.    TO THE EXTENT THAT PLAINTIFF IS ARGUING THAT HE WAS THE SUBJECT OF AN IMPROPER ARREST WHICH VIOLATED HIS CONSTITUTIONAL RIGHTS, PLAINTIFF'S ARGUMENT IS WITHOUT MERIT BECAUSE DEFENDANT RINEHART AND OFFICER HAZZARD HAD PROBABLE CAUSE TO ARREST HIM.**

In his Motion for Summary Judgment, Plaintiff references that the criminal charges filed against him as a result of his actions on April 16, 2006, specifically disorderly conduct and resisting arrest, were dismissed due to the failure of the prosecution to produce certain discovery material. (D.I. 24 p. 2).  Plaintiff does not clearly articulate the purpose of this particular statement as it relates to the present case, nor does his Complaint shed any light on this issue.  Conceivably, Plaintiff may be arguing that his arrest for disorderly conduct and resisting were improper.  Therefore, to the extent that Plaintiff is alleging he was improperly arrested, and the Court construes his statement as such, Defendants will address this issue out of an abundance of caution and respectfully request that this argument supplement their Motion for Summary Judgment.

In a §1983 claim where Plaintiff alleges a Fourth Amendment violation with regard to his arrest, the existence of probable cause to arrest Plaintiff and file charges against him is a complete defense.[3]  Herman v. City of Millville, 2003 U.S. App. LEXIS 3549, *5, Becker, J. (3d Cir. May 5,

---

[3] Plaintiff alleges that his Fourteenth Amendment due process rights have been violated, presumably with respect to his excessive force claim which has been fully addressed in Defendants' Opening Brief in Support of Their Motion for Summary Judgment.  However, to the extent that Plaintiff is alleging that his arrest was improper and in violation of the Fourteenth

2003)(probable cause is an absolute defense to plaintiff's claims under §1983 for false arrest, false

imprisonment, malicious prosecution, negligent training and/or supervision by the city and police

department, and intentional and/or negligent infliction of emotional distress). It is a well-established

rule in this jurisdiction that probable cause to arrest exists if, at the time of the arrest, "the facts and

circumstances within [the officers'] knowledge and of which they had reasonably trustworthy

information were sufficient to warrant a prudent man in believing that the [suspect] had committed

or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964); see also, Hunter v. Bryant,

502 U.S. 224, 228 (1991); Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995).

Generally, in a §1983 claim for damages, the question of whether probable cause exists is a jury

question, particularly where the probable cause determination rests on credibility conflicts. Merkle

v. Upper Dublin School District, 211 F.3d 782, 789 (3d Cir. 2000), citing Montgomery v. De

Simone, 159 F.3d 120, 124 (3d Cir. 1998) and Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997).

However, the Court may find that "probable cause exists as a matter of law if the evidence, viewed

most favorably to Plaintiff, reasonably would not support a contrary factual finding," and it may

grant Defendant's motion for summary judgment. Id.

It is the role of the Court to "determine whether the objective facts available to [the police

officer] at the time he arrested [Plaintiff] were sufficient to justify a reasonable belief that [he] had

committed a [crime]." Id. In assessing the existence of probable cause, a "'common sense' approach

[must be taken]... and a determination as to its existence must be based on the 'totality of the

circumstances'." Paff v. Kaltenbach, 204 F.3d 425, 436 (3d Cir. 2000). It "is a fluid concept –

---

Amendment, then it is actually the Fourth Amendment which applies to his claim. Abdullah v.
Fetrow, et al., 2007 U.S. Dist. LEXIS 71370, *32 (M.D. Pa., Sept. 26, 2007)(holding 4th
Amendment applicable to plaintiff's claim of false arrest rather than 14th Amendment).

turning on the assessment of probabilities in a particular factual context – not readily, or even usually, reduced to a neat set of legal rules." Id., quoting Illinois v. Gates, 462 U.S. 213, 232 (1983). The Court has previously acknowledged that probable cause determinations by a police officer must be made "'on the spot' under pressure and do 'not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands.'" Id., quoting Gertein v. Pugh, 420 U.S. 103, 121 (1975). Further, "probable cause does not require the officer to investigate every lead or that the officer obtain proof beyond a reasonable doubt." Herman, 2003 U.S App. LEXIS 8549, at *9, citing Trabal v. Wells Fargo Armored Service Corp., 269 F.3d 243, 251 (3d Cir. 2001)("probable cause does not depend on the state of the case in point of fact but upon the honest and reasonable belief of the party prosecuting and no more is demanded than a well-grounded suspicion or belief" (internal citations omitted) ); Merkle, 211 F.3d at 791, fn. 8 ("[a police officer] is not required to undertake an exhaustive investigation in order to validate the probable cause that, in his mind, already existed"); Groman v. Twp. of Manalapan, 47 F.3d 628 (3d Cir. 1195)(the issue is not whether plaintiff actually committed the crime for which he was arrested, but whether the police had probable cause to believe that the plaintiff committed the crime at the time of his arrest).

In this particular case, when viewing the totality of the circumstances, Officer Hazzard and Defendant Rinehart had probable cause to arrest Plaintiff for disorderly conduct and resisting arrest. Probable cause consisted of the following facts as indicated in Defendant Rinehart and Officer Hazzard's affidavits, the Crime Report, and Kimberly Grier's statement: 1) Plaintiff was drunk; 2) Plaintiff was yelling at the officers from the porch; 3) Plaintiff refused to quiet down; 4) Plaintiff's behavior was drawing attention from the surrounding neighbors; 5) Plaintiff refused to obey the officers' verbal commands to stop and place his hands behind his back; and 6) Plaintiff continued

-7-

to struggle with Officer Hazzard and Defendant Rinehart after several verbal commands to "show his hands." (A 1-2, 5, 12-18).

The fact that Plaintiff's charges were dismissed in the Court of Common Pleas based upon an alleged failure to provide certain discovery material does not negate the existence of probable cause. This is particularly true given the fact that Plaintiff's criminal case does not appear to have been dismissed due to a determination by a judge or jury that the arresting officers lacked probable cause.[4] "The investigating officer is not in the business of weighing facts and credibility; that is the domain of the court. The officer must simply have information that is 'reasonably trustworthy' to allow a prudent officer to believe that a crime has taken place." Herman, 2003 U.S. App. LEXIS 8549 at *10; see also Trabal, 269 F.3d at 250 (held that the mere fact that the prosecutor dismissed plaintiff's criminal charges did not negate probable cause; credibility problems go to an individual's effectiveness as a witness, but not what the police officer reasonably believed after taking his statement and referring the matter for criminal prosecution).

Given the reasons set forth above, Defendant Rinehart had probable cause to arrest Plaintiff on charges of disorderly conduct and resisting arrest. As such, the Defendants are entitled to qualified immunity on this issue. Plaintiff's request for summary judgment on this matter must be denied, and his claim must be dismissed as a matter of law.

---

[4] In his Motion for Summary Judgment, Plaintiff states that his attorney filed a Motion to Compel Discovery in his criminal proceedings. However, the Court of Common Pleas Criminal Docket in that matter does not indicate that a motion was filed. Exhibit 1.

## CONCLUSION

For the reasons set forth above, Defendants Drysdale and Rinehart respectfully move this Honorable Court to deny Plaintiff's Motion for Summary Judgment and grant their Motion for Summary Judgment.

        /s/ Rosamaria Tassone
        Rosamaria Tassone (I.D. #3546)
        City of Wilmington Law Department
        Louis L. Redding City/County Building
        800 French Street, 9th Floor
        Wilmington, Delaware 19801-3537
        (302) 576-2175
        Attorney for Defendants

Dated:  March 31, 2008

# EXHIBIT #1

```
              COURT OF COMMON PLEAS CRIMINAL DOCKET           Page    1
                     ( as of  03/07/2008 )

State of Delaware v.  ROBERT D BROWN                   DOB: 04/14/1975
State's Atty: , Esq.                    AKA: ROBERT BROWN
Defense Atty: DEFENDER PUBLIC , Esq.          ROBERT BROWN
                                              JACHIN BROWN


Assigned Judge:

Charges:
Count    DUC#         Crim.Action#    Description       Dispo.   Dispo. Date
-----------------------------------------------------------------------------
 001    0604011182    MN06042748      DISORD.CONDUCT    DISM     11/01/2006
 002    0604011182    MN06042749      RESIST ARREST     DISM     11/01/2006

        Event
No.     Date          Event                            Judge
-----------------------------------------------------------------------------
     04/20/2006
       CASE FILED ON 04/20/2006;  ARREST DATE 04/16/2006
       ARRAIGNMENT SCHEDULED FOR  05/19/2006
       RELEASED/OWN RECOG.                      0.00
       UNSECURED BOND                         250.00
          MN06042748      DE111301001B   DISORD.CONDUCT
          MN06042749      DE1112570000   RESIST ARREST
     05/22/2006
       DEFENDANT PLED NOT GUILTY AND DEMANDED JURY TRIAL.
     05/22/2006
       JURY TRIAL SCHEDULED FOR 09/21/2006 AT 08:30 AM
     09/21/2006
       JURY TRIAL CONTINUED COURT'S REQUEST
     09/21/2006
       JURY TRIAL CONTINUED TO 11/01/2006 AT 08:30 AM
     11/01/2006                                  SMALLS ALEX JEROME
       CASE DISMISSED BY JUDGE SMALLS

            *** END OF DOCKET LISTING AS OF  03/07/2008 ***
                 PRINTED BY: CCPTSAM
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-23 (SLR) |
| | ) | JURY OF 12 DEMANDED |
| WILMINGTON POLICE OFFICER RINEHART, | ) | |
| WILMINGTON POLICE OFFICER DRYSDALE, | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I, Rosamaria Tassone, Esquire, hereby certify that on this 31st day of March, 2008, I

electronically filed Defendants' Answering Brief in Opposition to Plaintiff's Motion for Summary

Judgment with the Clerk of Court using CM/ECF which will send notification of such filing(s) to

the following and that these documents are available for viewing and downloading from CM/ECF.

A copy of the document was mailed to the following individual:

> Robert D. Brown
> Inmate Number 231393
> Howard R. Young Correctional Institution
> P.O. Box 9561
> Wilmington, DE 19809

> _/s/ Rosamaria Tassone_
> Rosamaria Tassone (I.D. #3546)
> City of Wilmington Law Department
> Louis L. Redding City/County Building
> 800 French Street, 9th Floor
> Wilmington, Delaware 19801-3537
> (302) 576-2175