IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Robert D Brown
    Plaintiff

C.A. No. 07-23SLR

V.

Wilmington Police Officer Rinehart
Wilmington Police Officer Drysdale


FILED
APR - 9 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff's Reply Brief
IN OPPOSITION TO Defendants
ANSWERING BRIEF

Defendant Drysdale wrote and signed off on the Crime Report and the Defensive Tactics Report. This officer is trained to due thorough investigations and write facts. The statements of officer Hazzard and Defendant Rinehart are inconsistent along with these alleged factual reports and briefs and motions currently filed. The witness statement, Ms. Grier says, after Plaintiff was maced he was put in the police car but officer Hazzard said "Brown was still resistant."

In Defendants Opening Brief Motion To Support Summary Judgment, It states that Plaintiff yelled out, "If it was me going the wrong way on the street I'd be getting locked up, Mother f—!", If this is one of Plaintiffs alleged initial statements, its not recorded in the alleged facts, the Crime Report and the Defensive Tactics Report.

Officer Hazzards sworn statement says he and his partner Defendant Rinehart were on routine/proactive patrol in the 1600 blk. of West 3rd Street, and not just entering that block. Once officer Hazzard and Defendant Rinehart were slowing down, and passing the group, and realized that there was no yelling going on in the 1600 block of West 3rd street nor any criminal activity involvement at the residence, these officers should have continued on routine patrol.

-2-

Plaintiff was on his own property and not on a public sidewalk nor any street corner. Plaintiff exercised his substantive due process right and inquired as to the nature of police presence. If Plaintiff was creating a disturbance to the surrounding neighbors, then Plaintiff's ex-girlfriend, Ms. Geier would have told Plaintiff to come in the house.

### Directive: 6.7 Use Of Force / Departmental Weapons

Section III (4) Serious Physical Injury: That which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ

### General Provisions Concerning Offenses

11-222 Crimes and Criminal Procedures (22) Physical force, when Plaintiff was pulled, grabbed, kneed, and hit in the head with an open palm / stun blow.

(23) Physical Injury, Plaintiff takes prescribed medication for Migraine Headaches and faintness. (24) Serious Physical Injury, Plaintiffs sight is going bad in his right eye and Plaintiff is also no longer capable of reading of any kind for more than 3 hours daily.

### Section IV: Continuum

Verbal Command: The Crime Report nor the Defensive Tactics Report states that neither officer Hazzard nor Defendant Rinehart told Plaintiff to "get down on the ground". Only Ms. Grier claims this is what she heard one of the officers say with no specifics of which officer said what.

### Section V(B)(2): Parameters For Use Of Non-Deadly Force

Officers are authorized to use

-4-

Departmental approved non-deadly force techniques. The force techniques used on Plaintiff were not Departmental approved nor justifiable according to 11-467 Justification - Use of Force In Law Enforcement.

Section V(E)(3): Unauthorized use of Chemical Weapon

Plaintiff was intoxicated an suffered constrictions upon his breathing which could have resulted in death due to the administer of cap stun by officer Hazzard. Also Defendants Rinehart and Drysdale nor officer Hazzard never recorded the duration of the spray or the amount that was used to effect an arrest.

Summary judgment for an officer based on the officer's defense of privilege and the justification of self-defense was denied were there was a dispute as to whether the officers

-5-

conduct was required or authorized by law, or that the officer could reasonably have believed that the officer's use of force was necessary under the circumstances. Lloyd v. Jefferson (1999)

Also, Defendant Drysdale signed off on the crime report twenty-two days after the incident. I don't know the procedure but the Defensive Tactics Report was approved the day of the incident. The date for approval of the crime report is May 8th, 2006 at 0611 hours. One could see that this constitutes some illegal activity going on between officer Hazzard and the Defendants. Furthermore if the patrol cars camera was active then a whole different

-6-

story would be told. "Words can paint a good picture and tell a good story, but really, nothing speaks the same way as a video." Cpl. Jeff Whitmarsh (2008)

At the Wilmington ER Plaintiff was treated for chemical conjunctivitis, he was never treated for the abrasion to his scalp nor was he given an MRI to see is there was anything more severe than the abrasion. As time progressed Plaintiff got incarcerated, but not due to the event of April 16, 2006, which enabled him to seek further professional help for his injuries. While incarcerated Plaintiff has been given steps

-7-

on how to deal with the headaches and faintness until he is able to be taken to see a neurologist, per Nurse Practitioner Jean Binkley.

Per Defendants counsel Rosa Maria Tassone, pulled and grabbed is used to describe (tackle). Webster's II Dictionary Revised Edition has a more clear description. TACKLE: To seize and bring down., SEIZE: 1.) To take possession or hold of quickly and forcibly., 2.) To take prisoner; Arrest., 3.) To take eagerly; ARREST: To seize and hold legally. Now we must establish probable cause, once it was clear that no yelling was going on before officer Hazzard and defendant Rinehart reached the residence

-8-

and that there wasn't any illegal activity going on at the residence, the investagorty stop was unlawful and in violation of Plaintiffs 4th, 14th, and 8th Amendment Rights of the United States Constitution.

Given the above, Defendants Motion for Summary Judgment must be denied. For the reasons addressed in Plaintiffs Motion for Summary Judgment, the Court should grant judgment as a matter of law in favor of Plaintiff.

For the reasons set forth, Plaintiff respectfully moves this Honorable Court to deny Defendants Motion for Summary Judgment and grant Plaintiffs Motion for Summary Judgment.

4-7-08

Robert D. Brown
#231393
P.O. Box 9561
Wilmington, DE 19809

-9-

Exhibit A

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| STATE OF DELAWARE | ) | |
|---|---|---|
| | ) | |
| v. | ) | I.D. No. 0604011182 |
| | ) | |
| ROBERT BROWN, | ) | |
| Defendant. | ) | |

## MOTION TO COMPEL DISCOVERY

COMES NOW, Robert Brown, hereinafter the defendant, by and through his attorney, Darryl J. Rago, Esquire and respectfully requests that this Honorable Court compel the State of Delaware to provide defendant with discovery as requested. In support of this motion, defendant offers the following:

1. On April 16, 2006, the Defendant was charged with Disorderly Conduct and Resisting Arrest.

2. On July 17, 2006, the Defendant filed a request for discovery (attached hereto and hereby incorporated by reference as Exhibit A) and information pursuant to <u>Brady v. Maryland,</u> Rule 16 and the automatic discovery agreement.

3. To date, the State has not provided any discovery on the matter including but not limited to the Defendant's statements to Officer Rinehart or Officer Drysdale; any reports or statements prepared by the Officers in this matter including but not limited to the Police Reports of the Officers involved and the Use of Force Reports prepared by the Officers in this matter; in-car camera videos; photographs of the defendant's injuries, taken at or near the time of his arrest; a copy of the police training manual or its equivalent or any other materials that may be discoverable related to the incident of April 16, 2006.

4. The defendant is facing charges which may require a period of incarceration.

5. Pursuant to Brady v. Maryland, Court of Common Pleas Rule 16, and the automatic discovery agreement the State is required to answer discovery and the failure to do so may necessitate sanctions.

I. THE USE OF FORCE REPORTS MAY CONTAIN BRADY MATERIAL.

The suppression of evidence favorable to the accused violates due process where the evidence is material, irrespective of the State's good or bad faith. *Kyles v. Whitley*, 514 U.S. 419 432 (1995) *citing Brady v. Maryland*, 373 U.S. 83, 87 (1963). The State has a special duty to disclose evidence that would exculpate the defendant. *Brady, supra*; *Liket v. State*, 719 A.2d 935 (Del. 1998). Exculpatory evidence is defined as evidence that is favorable to the defendant and material to guilt or punishment. *Brady*, 373 U.S. at 87. Evidence is material under *Brady* when there is a reasonable probability (more than a possibility) that the evidence would influence the jury's decision if it were disclosed. *U.S. v. Ryan*, 153 F.3d 708, 712 (8th Cir. 1998); *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995). Disclosure is also required for impeachment evidence as well as exculpatory evidence. *U.S. v. Bagley*, 473 U.S. 667, 682 (1985). (*emphasis added*).

A. The Use of Force reports are generated by the State and as such must be preserved and reviewed for Brady material.

Rule 16 regarding the production and preservation of discovery incorporates the requirements of *Brady* and its progeny. The State has a duty to disclose and preserve evidence which extends not only to the Attorney General, but all investigative agencies as well. *Deberry v. State*, 457 A.2d 744 (Del. 1983); *Hammond v. State*, 569 A.2d 81 (Del. 1989); *Lolly v. State*, 611 A.2d 956 (Del. 1992). Additionally, there is no good faith exception to these duties under Delaware law. *See, Hammond, supra*. The State likewise has a continuing duty throughout trial

to provide discovery to the defense under Rule 16(c). *Skinner v. State*, 575 A.2d 1108 (Del. 1990). (Where the prosecutor failed to ascertain contents of a detective's notes prior to his testimony, and upon learning of their existence decided to introduce into evidence defendant's statements that were in the notes but not summarized in the police report given to defendant, the prosecutor violated this duty, prejudiced the defendant's substantial rights, and committed reversible error).

New Castle County Police Directive 1.3, Wilmington Police Directive 7.9 and State Police Internal Directives require that an officer generate a report when physical force is used. These police agencies constitute the State and trigger these obligations. The State must ascertain the existence of these materials, review the evidence for *Brady* material or alternatively produce it to the defense to satisfy the State's *Brady* obligations. The State has failed to ascertain the existence of and review these materials for exculpatory and impeachment information which is unsatisfactory under Brady and the aforementioned case law.

    B.   <u>The report may contain statements of the defendant and information material to the preparation of the defense</u>.

Court of Common Please Rule 16(a)(1)(A) requires the State to produce defendant's statements. This rule incorporates a due diligence standard. Court of Common Please Criminal Rule 16(a)(1)(C) requires the State to turn over any documents or tangible objects which are material to the preparation of the defense or intended for use by the State at trial. "Because the significance of the evidence is often unclear until after the record is complete, the prudent prosecutor will resolve doubtful questions in favor of disclosure." *State v. Patterson*, 1997 WL 720719 (Del. Super.) *citing United States v. Five Persons*, 472 F.Supp. 64 (D.C.N.J. 1979). This rule likewise incorporates a due diligence standard for the State.

C.  **Statements by the witness contained in these reports are Jenks material and are ultimately discoverable at trial.**

Irrespective of Rule 16(2)'s exclusion of police reports as discoverable, the statements and any other otherwise discoverable information contained therein must nevertheless be produced pursuant to *Brady and Jenks*. 16(2) simply provides that the defense in not entitled to the document as a whole. The *Jenks*[1] rule, as adopted by the Delaware Supreme Court *in Hooks v. State*, 416 A.2d 189 (Del. 1980), was not modified by enactment of subsection (b) of *DRE* 612. *Lance v. State*, 600 A.2d 337 (Del. 1991). The Court's adoption of the *Jenks* rule has been adhered to in its subsequent decisions notwithstanding the operative effect of *DRE* 612(b). *Id.* at 342 *citing Gardner v. State*, 567 A.2d 404 Del. 1989); *Rose v. State*, 542 A.2d 1196 (Del. 1988); *Reily v. State*, 496 A.2d 997 (Del. 1985 ); *McBride v. State*, 477 A.2d 174 (Del. 1984). Under the rule, the defense upon demand at the time of cross-examination, is entitled to statements of government witnesses made to governmental agents if the content thereof relate to the subject matter of the direct examination. *Id.* at 340. While there is no duty to provide *Jenks* material in pre-trial discovery, the State has a duty to provide a witness's *Jenks* statement when the witness is tendered for cross-examination. *Id.* at 342.

Additionally, by way of example, a federal trial court has discretion to order the State to produce *Jenks* material prior to trial. *U.S. v. Blackburn*, 9 F.3d 353, 357-58 (5th Cir. 1993). Likewise, a State court has inherent discretion to order pre-trial production of witness statements for purposes of judicial efficiency economy. In any event, where it is unclear whether a particular document is discoverable, the trail court must conduct an in camera review. *Lance v. State*, 600 A.2d 337 (Del. 1991); *Hooks v. State*, 416 A.2d 189 (Del. 1980); *U.S. v. Roasario-*

---

[1] *Jenks v. United States*, 353 U.S. 657 (1957).

*Peralta*, 175 F.3d 48, 56 (1st Cir. 1999). This is even more paramount where the government challenges the discovery request. *U.S. v. Goldberg*, 425 U.S. 94, 108 (1976).

These statements contained in the use of force report are at a minimum *Jenks* statements relating to the subject matter of the witnesses testimony which at the very latest will have to be produced at trial upon tendering the witness for cross-examination. Therefore the State's assertion that these materials are not discoverable is without merit. In the interests of judicial economy and efficiency, the Court should exercise its discretion and order the State to produce these materials pre-trial. Alternatively, the Court must conduct an in camera review to determine whether there is any discoverable statements or exculpatory evidence contained within the report given the State's objection to production. *See Goldberg, supra.*

D. The Snowden analysis is inapplicable to Use of Force Reports.

*Snowden v. State*, 672 A.2d 1017 (Del. 1996) dealt with the discoverability of information contained in personnel files of a police officer. In *Snowden*, the Court held that the trial court should have made an in camera inspection of subpoenaed personnel files of police officer who had pursued defendant because the defendant had produced evidence that officer had been terminated, and there was no indication that trial court had examined the file for any material that would be of an exculpatory nature thereby violating defendant's confrontation rights. "Two circumstances were present which independently established the requisite predicate for *in camera* inspection: First, it was not disputed that the officer had been terminated; second, the prosecutor did not represent to the trial judge that the personnel files had been examined by the State to ascertain if they contained *Brady* material." *Id.* at 1024.

Here, we are not dealing with personnel files of the officer nor records related to the investigation and disciplinary action against an officer as was the subject of *Snowden*. A use of

force report is a document generated by the officer about an arrest in which force was used as required by internal agency directive. The document therefore contains the officer's account of what transpired *i.e.*, his testimony, and may well contain statements of the defendant and other discoverable information. More importantly, if the statements in the report differ in any way from any other statements or accounts made by the officer, the defendant is entitled to this material as exculpatory impeachment information.

Even assuming that the document falls under the purview of *Snowden*, the Court must nevertheless review the evidence *in camera* for exculpatory information where the State has failed or refused to do so. *Id.*

WHEREFORE, for the above reasons, the defendant respectfully requests that the State be ordered to respond to discovery and that they be required to produce any information relevant to this case.

Darryl J. Rago, Esquire
Assistant Public Defender

## Ruebeck Wendy A. (PDO)

**From:** Ruebeck Wendy A. (PDO)
**Sent:** Monday, July 17, 2006 8:26 AM
**To:** Matthews Maya (DOJ)
**Subject:** Automatic Discovery

In accordance with the agreement between the Office of the Public Defender and the Department of Justice, the Public Defender requests that the assigned Deputy Attorney General provide the agreed upon discovery in the following CCP Jury Trial Cases:

| Case Number | Name | Date | Type |
|---|---|---|---|
| 0401008932 | JOSHUA HAMMOND | 11/27/2006 | TRIAL |
| 0404014359 | SYE NEWTON | 08/09/2006 | TRIAL |
| 0407024306 | SYE NEWTON | 08/09/2006 | TRIAL |
| 0505017571 | SYE NEWTON | 08/09/2006 | TRIAL |
| 0510024167 | ROBERT BLACK | 07/26/2006 | TRIAL |
| 0602013032 | ONTAVION TURNER | 09/06/2006 | TRIAL |
| 0603005324 | JAMES ELLINGSWORTH | 07/26/2006 | TRIAL |
| 0603014178 | RONALD BAYNUM | 11/13/2006 | TRIAL |
| 0603014780 | WILLIAM LEWIS | 11/02/2006 | TRIAL |
| 0604006126 | DENAIRA BECKHAM | 09/21/2006 | TRIAL |
| 0604011182 | ROBERT BROWN | 09/21/2006 | TRIAL |
| 0605012360 | DINO ANDERSON | 11/13/2006 | TRIAL |
| 0606002067 | KIMBERLY ERA | 11/13/2006 | TRIAL |
| 0607000038 | ROLAND GARRETT | 08/10/2006 | TRIAL |
| 0607002717 | DARNELL DORSEY | 11/02/2006 | TRIAL |
| 0607005404 | ERVIN NEAL | 11/02/2006 | TRIAL |
| 0607005409 | ERVIN NEAL | 11/02/2006 | TRIAL |
| 0607005412 | ERVIN NEAL | 11/02/2006 | TRIAL |

Wendy A. Fontello
(302)577-6025 Ext 3017

CONFIDENTIALITY NOTICE:
Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient or recipients. If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you

07/17/2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Robert D. Brown
    Plaintiff

V.                                           C.A No. 07-23 SLR

Wilmington Police Officer Rinehart
Wilmington Police Officer Drysdale
               Defendants

## CERTIFICATE OF SERVICE

I, Robert D. Brown, A Pro Se litigant on this 7th day of April, 2008, am filing Documents in Response to Defendants Answering Brief with the Clerk of Court and request that a copy be mailed to the following:

Rosa Maria Tassone #3546
City of Wilmington Law Department
Louis L. Redding City/County Building
800 French Street, 9th Floor
Wilmington, Delaware 19801-3537

Robert D. Brown
P.O. Box 9561
Wilmington DE
19809

Robert W Brown #231393
P.O. Box 9561
Wilmington, Delaware 19809

Office Of The Clerk
United States District Court
844 North King Street, Lock Box 18
Wilmington, Delaware 19801-3570



LEGAL MAIL ONLY